UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRO. BRION HERU'EL OFRIKA BEY,

        Plaintiff,

v.                                    Case No. 8:15-cv-1502-T-33AEP

JOHN E. MCMILLAN, CHIRAG AMIN,
MANCHESTER APARTMENTS, PEAK 14,
LLC,

        Defendants.
_____/

## ORDER

      This matter comes before the Court pursuant to Plaintiff's Affidavit of Indigency (Doc. # 2), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915.   Notably, the Affidavit contains no discussion of Plaintiff's finances or inability to pay the filing fee in this action and is woefully insufficient in every respect. Nevertheless, even assuming that Plaintiff is in fact indigent, the Court finds that the Complaint fails to allege a basis for federal jurisdiction and fails to state a cognizable claim. Therefore, the Court dismisses this action without prejudice and with leave to file an amended complaint.  Also before the Court are Plaintiff's construed Motion for Entry of Clerk's Default

(Doc. # 6)[1] and Defendants' Motion to Dismiss or, in the Alternative, to Stay Proceedings (Doc. # 7).[2] As the Court has determined that it is appropriate to dismiss the Complaint without prejudice, the Motion for Entry of Clerk's Default and Motion to Dismiss, or in the Alternative, to Stay Proceedings are denied as moot.

I.

As indicated, Plaintiff seeks leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

---

[1] The Court notes that the construed Motion for Entry of Clerk's Default (Doc. # 6) lacks merit because the record does not reflect that Bey has effected service on any Defendant.

[2] In the Motion to Dismiss, Defendants remark that this action amounts to nothing more than Plaintiff's retaliatory response to his monthly rent being raised. (Doc. # 7 at 2). Defendants explain that Defendant McMillan is an attorney that sent a letter to Bey regarding eviction proceedings, Defendant Peak 14, LLC is the owner of the apartment in which Bey resides, Defendant Amin is the manager of Peak 14, LLC, and Defendant Manchester Apartments is the name of the apartment complex in which Bey resides. (Id. at 2-3).

28 U.S.C. § 1915(a)(1).

Section 28 U.S.C. § 1915 further provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). This provision tracks the language of Federal Rule of Civil Procedure 12(b)(6), and this circuit applies Rule 12(b)(6) standards in reviewing dismissals under § 1915(e)(2)(B)(ii). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997). In determining whether the plaintiff has stated a claim on which relief may be granted, the court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003). Conversely, "[courts] are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful,"

3

"delusional," or "lack[] an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325-28 (1989); see Jackson v. Farmers Ins. Grp./Fire Ins. Exch., 391 Fed. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory (citation omitted)). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

Further, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. Twombly at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). While the complaint does not need detailed factual allegations, the allegations must be

enough to raise a right to relief above the speculative level. <u>Twombly</u> at 555-56.

"[T]he allegations in the complaint 'must be simple, concise, and direct,' Fed.R.Civ.P. 8(d)(1), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.' Fed.R.Civ.P. 10(b). A 'shotgun pleading' – one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' – does not comply with the standards of Rules 8(a) and 10(b)." <u>Kabbaj v. Obama</u>, 568 F. App'x 875, 879 (11th Cir. 2014) (citations omitted).

The court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)). This liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." <u>GJR Invs., Inc. v. Cnty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled in part on other grounds as recognized in <u>Randall v. Scott</u>, 610 F.3d 701, 709 (11th Cir. 2010). *Pro se* litigants must follow the procedural rules. <u>Id.</u>

II.

Plaintiff Bey, a self-described "Moorish National," initiated this action on June 25, 2015, by filing a "Petition"

5

against four Defendants. (Doc. # 1). Bey organizes the Petition into 119 numbered paragraphs, however, he does not assert any specific complaint counts. He makes mention of multifarious federal laws, from the United States Constitution to maritime laws, to various treaties; however, the Petition does not contain any factual allegations that give rise to a federal claim.[3] For instance, Bey cites the watershed case of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966); however, his Petition essentially describes a landlord tenant dispute having no connection to a custodial police interrogation. In addition, Bey provides a Florida mailing address for himself and for the named Defendants, signaling that the requirements for complete diversity of citizenship jurisdiction are not satisfied.

Bey's Petition utterly fails to comply with the requirements of Rule 8. Nowhere does it include "a short and plain statement of the claim showing that [Bey] is entitled to relief" as required by Rule 8. Nor has Bey included any discussion of the grounds for the Court's exercise of jurisdiction over this case. Consequently, the Petition fails to state a cognizable cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). Bey does not allege how any

---

[3] A mere reference to federal law is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. <u>See</u> <u>Franchise Tax Bd. of Cal. v. Constr.</u> <u>Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 9-10 (1991).

Defendant violated his rights under any applicable law in order to state claim upon which relief may be granted or to confer subject matter jurisdiction upon this Court. His protracted and nonsensical discussion of various laws, such as the "1787 Treaty of Peace and Friendship" and "Moorish American Zodiac Constitution" is simply insufficient. (Doc. # 1 at 2). The Petition is incoherent and fails to support cognizable causes of action with relevant factual allegations consistent with the requirements of Rule 8. The limited factual allegations Bey presents do not shed light of the nature of his claims and this Court's jurisdiction. Thus, the Complaint does not give Defendants fair notice of what claims are raised and the grounds upon which they are based.

While case law recognizes that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Hughes, 350 F.3d at 1160 (quotation marks omitted), the Court finds that Plaintiff's Complaint should be dismissed with leave to file an amended complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Petition (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE.**

(2) Plaintiff's construed motion to proceed *in forma pauperis* (Doc. # 2) is **DENIED WITHOUT PREJUDICE.**

(3)   Plaintiff's construed Motion for Entry of Clerk's Default (Doc. # 6) is **DENIED AS MOOT**.

(4) Defendants' Motion to Dismiss, or in the Alternative, Stay Proceedings (Doc. # 7) is **DENIED AS MOOT**.

(5) Plaintiff is authorized to file an amended complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure on or before **August 21, 2015**, failing which, the Court will dismiss the case without further notice.

(6) In the instance that Plaintiff elects to file an amended complaint, he is required to renew his application to proceed in forma pauperis or pay the full filing fee.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of August, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record