UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRO. BRION HERU'EL OFRIKA BEY,

    Plaintiff,

v.                                        Case No. 8:15-cv-1502-T-33AEP

JOHN E. MCMILLAN, CHIRAG AMIN,
MANCHESTER APARTMENTS, PEAK 14,
LLC,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Plaintiff Bro. Brion Heru'el Ofrika Bey's "Writ of Error and Objection to the Respondent's Motion to Dismiss, or Stay Proceedings" (Doc. # 9) and "Judicially Noticeable Facts" (Doc. # 10), both filed on August 21, 2015. For the reasons that follow, the Court dismisses this action and directs the Clerk to close the case.

**Discussion**

    Bey filed an incoherent "Petition" against various Defendants on June 25, 2015. (Doc. # 1). On the same day, he sought permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Thereafter, Defendants moved to dismiss or stay the action. (Doc. # 7). On August 7, 2015, the Court entered an Order denying Bey's request to proceed *in forma pauperis*, dismissing the action without prejudice and with leave to file an

amended complaint, and denying the Motion to Dismiss or Stay as moot. (Doc. # 8). The Court explained that Bey's Petition did not give rise to a federal claim and that it did not appear that the requirements for complete diversity of citizenship were satisfied. The Court also noted that Bey failed to include a short and plain statement showing that he is entitled to relief as required by Rule 8, Fed. R. Civ. P. He also failed to set forth any explanation of his claims or to provide a discussion that could guide the Court or the Defendants regarding the nature of his grievances.

Taking into consideration Bey's pro se status, the Court authorized Bey to file an amended complaint on or before August 21, 2015. The Court explained that Bey's case would be dismissed absent the timely filing of an Amended Complaint. The Court also explained, "in the instance that Plaintiff elects to file an amended complaint, he is required to renew his application to proceed *in forma pauperis* or pay the full filing fee." (Doc. # 8 at 8).[1]

---

[1] The Court observed that Bey's initial request to proceed *in forma pauperis* was deficient because Bey failed to include any statement of his financial affairs or otherwise signal that he was unable to pay the Court's filing fee. Bey did not renew his application to proceed *in forma pauperis* or otherwise supply the Court with the information necessary for determining *in forma pauperis* status.

2

Rather than appropriately responding to the Court's Order by filing an Amended Complaint, Bey filed his "Writ of Error" and "Judicially Noticeable Facts." (Doc. ## 9, 10). Bey's submissions, even when construed most broadly, do not provide a basis for the Court's exercise of subject matter jurisdiction.[2] Instead, these rambling, incomprehensible documents do little more than deepen the Court's firm conviction that this matter must be dismissed. The Court has given Bey an opportunity to state a claim over which this Court may exercise its limited subject matter jurisdiction.[3] Bey has failed to do so. In addition, he has included passages regarding state court eviction

---

[2] The Court construes *pro se* pleadings liberally and holds them to a less stringent standard than pleadings drafted by counsel. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). This liberal construction, however, "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). *Pro se* litigants must follow the procedural rules. Id.

[3] A mere reference to federal law is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991). Thus, Bey's casual mention of various federal laws, including the United States Constitution, does not establish the Court's subject matter jurisdiction.

3

proceedings (and has attached, inter alia, a copy of his residential lease, a Notice of Rent Increase, a "Seven-Day Notice of Noncompliance Without Opportunity to Cure," and Defendants' state court Complaint seeking Bey's eviction). These documents lead the Court to conclude that Bey's dispute concerns state court eviction proceedings.

Bey has not cured the deficiencies identified in the Court's prior Order, has not filed an amended complaint giving rise to any cognizable claim, and has not renewed his request to proceed *in forma paupris*. Nor has Bey paid the Court's filing fee. Accordingly, and for the reasons outlined above, the Court dismisses the case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is **DISMISSED**. The Clerk shall close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of August, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

4